## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## No. 5:13-CV-334-D

| | |
|---|---|
| WILLIAM HOWARD SCHALLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On August 18, 2014, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") [D.E. 34]. In that M&R, Judge Jones recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E.24], grant defendant's motion for judgment on the pleadings [D.E. 30], and affirm defendant's final decision. On August 26, 2014, plaintiff filed objections to the M&R [D.E. 35]. On September 9, 2014, defendant responded to the objections [D.E. 36].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, plaintiff's objections, and defendant's response. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); see, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as sufficient to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections [D.E. 35] essentially restate the arguments he made to Judge Jones, but with an added level of vitriol directed at the M&R. See Pl.'s Mem. Supp. Mot. J. Pleadings [D.E. 25]; cf. Admin. Transcript ("Tr.") 12–22 (ALJ opinion). This vitriol is as unpersuasive as it is unbecoming. First, the ALJ sufficiently explained the weight that he gave to Dr. Perkins's opinion and permissibly analyzed plaintiff's circadian rhythm sleep disorder. See Tr. 15, 20; Def.'s Resp. to Pl.'s Objs. [D.E. 36] 1–3. Second, Smith v. Barnhart, 395 F. Supp. 2d 298, 301–05 (E.D.N.C. 2005), is distinguishable for the reasons stated in the M&R, and the ALJ did not err in failing to contact Dr. Perkins for a medical source statement. See M&R 12; Def.'s Resp. to Pl.'s Objs. 4–5. Third, the court rejects plaintiff's latest attack on the ALJ's credibility findings, which plaintiff's

2

counsel masquerades within his baseless arguments about "ALJ boilerplate." See Pl.'s Objs. [D.E. 35] 9–17. Credibility determinations are for the ALJ to make. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Here the ALJ had ample opportunity to assess plaintiff's credibility, see Tr. 31–43, 51–62, and adequately explained his determination that "[t]he medical records do not support the level of severity alleged by the claimant." Tr. 18; see id. 18–20. Simply put, the ALJ's analysis of plaintiff's subjective complaints, see Tr. 18–20, comports with Craig v. Chater, 76 F.3d 585, 591–96 (4th Cir. 1996), and Felton-Miller v. Astrue, 459 F. App'x 226, 228–30 (4th Cir. 2011) (per curiam) (unpublished). Furthermore, the ALJ's analysis is supported by substantial evidence, and Judge Jones properly addressed plaintiff's arguments about "ALJ boilerplate." See M&R 14–21. Likewise, the ALJ's analysis of plaintiff's RFC is supported by substantial evidence. See id. 21–23. The remainder of plaintiff's objections merely restate arguments made to Judge Jones and do not warrant a separate discussion. In short, both Judge Jones and the ALJ applied the proper legal standard, and substantial evidence supports the ALJ's analysis. See M&R 2–26. Accordingly, the court rejects plaintiff's arguments, adopts the M&R, and overrules the objections.

In sum, plaintiff's objections to the M&R [D.E. 35] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 24] is DENIED, defendant's motion for judgment on the pleadings [D.E. 30] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This ⅃⅃ day of September 2014.

JAMES C. DEVER III
Chief United States District Judge

3